IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| EASTERN GATEWAY COMMUNITY COLLEGE, | ) ) ) CASE NO. 2:22-cv-03326-EAS-EPD |
| *Plaintiff*, | ) ) |
| v. | ) **PLAINTIFF'S SUR-REPLY TO** ) **DEFENDANTS' REPLY IN SUPPORT** |
| MIGUEL CARDONA, et al., | ) **OF MOTION TO DISMISS** ) |
| *Defendants*. | ) |

**I.     EGCC Has Alleged and Suffered Actual Harm Arising From the Cease-And-Desist Letter and Independent from HCM2.**

EGCC's constitutional rights have been violated by the limitations the Department of Education ("ED") imposed in the Cease-and-Desist Letter barring access to federal financial student aid without due process or opportunity to administratively appeal. This is harm enough and provides EGCC with adequate standing to seek declaratory and injunctive relief with this Court. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'") (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *Changizi v. Dep't of Health & Hum. Servs.*, No. 2:22-CV-1776, 2022 WL 1423176, at *8 (S.D. Ohio May 5, 2022) (Sargus, Jr., J.) ("[W]hen a plaintiff alleges that he or she was *directly* subjected to unlawful government action, 'there is . . . little question' that standing exists.") (quoting *Assoc. of Am. Physicians & Surgeons v. Schiff*, 518 F. Supp. 3d 505, 513 (D.D.C. 2021). This harm can only be redressed through enjoining the Cease-and-Desist Letter and allowing students to register now for the Spring Semester under the Free College Benefit Program (the "Program").

EGCC has alleged that the issuance of the Cease-and-Desist Letter – prohibiting EGCC from offering and enrolling *new students* in the Program – without administrative recourse harms

EXHIBIT A

it by violating constitutional due process and barring access to Pell funds. (Compl., ECF No. 1, at ¶ 2, 44, 96; Geoghegan Decl., ECF No. 4-1, at ¶ 31.) EGCC has alleged that the prohibition on enrolling *new students* in the Program will result "in a drop in tuition payments to the institution, including Pell Grants and state subsidies, the primary sources of EGCC's funding is issued has violated." (Compl. at ¶ 44; Geoghegan Decl. at ¶ 35.) It has also alleged that, without such funding, EGCC "will not be able to provide services to students and will be forced to close, resulting in a loss of approximately 1,200 jobs." (Geoghegan Decl. at ¶ 35.)

As is becoming more and more evident by ED's arguments, the intended effect the Cease-and-Desist Letter, when combined with HCM2 status, is to kill the Program now and into the future without having to answer to arbitrary and capricious actions that violate ED's own policies and guidance. HCM2 is ED's attempt to prohibit EGCC from accessing Pell funds for current students under the Program, and the Cease-and-Desist Letter is ED's attempt to prohibit EGCC from accessing Pell funds for future students under the Program without due process.

Importantly, because it demonstrates why ED's HCM2 standing arguments are a red-herring, the Cease-and-Desist Letter's complete bar to Pell funds for *new* students is independent from HCM2 requirements seeking to block access to Pell funds for *current* students. As such, enjoining the Cease-and-Desist Letter while EGCC pursues its Administrative Procedure Act and due process claims would provide EGCC the opportunity to be heard and hold ED accountable to process requirements without altering HCM2. *Larson v. Valente*, 456 U.S. 228, 243 (1982) ("[A] plaintiff satisfies the redressability requirement when he shows that a favorable decision will relieve a discrete injury to himself. He need not show that a favorable decision will relieve his *every* injury.").

**II.    ED's September 26, 2022 Letter is Evidence that ED is Attempting to Run Out the Clock on EGCC.**

ED attached its September 26, 2022 Letter denying EGCC's proposed redesign of Program as evidence that "negotiations between the parties are ongoing." (Reply at 5.) This much delayed letter, by contrast, demonstrates how ED continues to deny EGCC due process under the pretense of continuing "negotiations" that can only be viewed as one-sided. The Court should view such actions with skepticism, viewing it for what it is: ED's attempt to destroy a lawfully administered free college program under its own policies and guidance without having to issue an administratively appealable program review report.

ED's intentions are transparent when considering its stance that EGCC will never be able to comply with HCM2. (Reply at 5.) While ED is hoping the Program will wither on the vine before it is forced to issue its final program review report, the likelihood that each and every reimbursement request submitted for current students under HCM2 is denied is miniscule.

"Under the HCM2 method of payment, an institution must submit a roster of students for whom it wants to obtain Title IV funds and must submit documentation necessary for the Department to determine that the students are eligible to receive the funds requested." (Decl. of Jeremy Early, ECF No. 19-1, at ¶ 6.) ED posits that EGCC "will be unable to provide adequate documentation to establish student eligibility for Title IV funds" (*Id.* at ¶ 8) and thus, will not be able to access the Title IV funds. (*See* Reply at 5) ("EGCC has not and cannot show that it *could* meet HCM2 requirements").

For ED's assertion to be true, **all** of the reimbursement requests for the Pell-eligible students currently enrolled in the Program would have to be denied due to inadequate documentation regarding the student's eligibility to receive funds requested and credit balance disbursements to the students. This is a hard and speculative thing to fathom, and something that

is very unlikely to occur in these case-by-case reviews. By contrast, it is reasonable to infer that not all of the reimbursement requests will be denied and not all of the reimbursement requests will be approved.

In any event, EGCC fully intends to comply with all requirements of HCM2 in order to access Pell funds for its current students (and future students if the Cease-and-Desist Letter is rightly enjoined) despite the heavy demands ED has placed on EGCC. *See* Decl. of Kurt Pawlak at ¶ 1-10, attached hereto as Exhibit 1. As of this filing, EGCC has submitted its first HCM2 reimbursement request, seeking Pell reimbursements for approximately 5,000 current students (representing 78% of the Pell-eligible students). *Id.* at ¶ 10, 12. This will become the first litmus test for EGCC, but it should not be the last – which is why it is so important for the Court to enjoin the enforcement of the Cease-and-Desist Letter. Removing this bar will allow EGCC to begin enrolling new and continuing students in the Program for the Spring Semester. While such action will not guarantee that Pell funds are received (HCM2 will still need to be met for these students), it will at least guarantee that EGCC is provided the opportunity to access Pell funds without violating due process.

## CONCLUSION

For the foregoing additional reasons, Defendants' Motion to Dismiss for lack of subject matter jurisdiction should be denied.

Respectfully submitted,

*/s/ Adam D. Fuller*
Justin M. Alaburda (#0082139)
Victoria L. Ferrise (#0085012)
Adam D. Fuller (#0076431)
BRENNAN, MANNA & DIAMOND, LLC
75 East Market Street
Akron, OH 44308
Ph: (330) 253-5060 / Fax: (330) 253-1977
jmalaburda@bmdllc.com
vlferrise@bmdllc.com
adfuller@bmdllc.com

Marlon A. Primes (#0043982)
Abigail E. Peabody (#0099804)
BRENNAN, MANNA & DIAMOND, LLC
200 Public Square
Huntington Building, Suite 3270
Cleveland, OH 44114
Ph: (216) 658-2155 / Fax: (216) 658-2156
maprimes@bmdllc.com
aepeabody@bmdllc.com

Bonnie Little Graham (admitted PHV)
Madelaine Cleghorn (admitted PHV)
Brustein & Manasevit, PLLC
1023 15th Street NW, Suite 500
Washington, DC 20005
Ph: (202) 965-3652 / Fax: (202) 965-8913
bgraham@bruman.com
mcleghorn@bruman.com

***Special Counsel for Plaintiff Eastern Gateway Community College***

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2022, a copy of the forgoing was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Adam D. Fuller*
Adam D. Fuller (#0076431)

4888-9472-6966, v. 2