IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| EASTERN GATEWAY COMMUNITY COLLEGE,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as United States Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>Defendants. | Case No. 2:22-cv-03326-JLG-EPD |

## JOINT STATUS REPORT

Per the Court's order of January 20, 2023, *see* ECF No. 46, Defendants Miguel Cardona and the Department of Education (the "Department"), and Plaintiff Eastern Gateway Community College ("EGCC"), hereby submit the following joint status report. The parties have been unable to reach a settlement agreement, and therefore the parties submit the following positions regarding next steps in the case.

### Plaintiff's Position

EGCC intends to move for summary judgment under Rule 56, seeking declaratory judgment that the Department's determination that the free college program violates Title IV of the Higher Education Act is arbitrary and capricious, and an abuse of administrative discretion. 5 U.S.C. § 706(2)(A). Plaintiff seeks the Court's intervention after the Department has repeatedly denied it any meaningful opportunity for due process, including denying an administrative appeal of the July 11, 2022 Cease-and-Desist Letter, relying entirely on the conclusions in the Cease-and-Desist Letter to deny a proposed redesign of the free college benefit program, and unreasonably delaying the release of a draft program review report. 5 U.S.C. § 706; *see* A*xon Enterprise, Inc. v.*

*Federal Trade Commission, et al.* (No. 21-86) (cert to 9th Cir.); *Securities and Exchange Commission et al., v. Cochran* (cert. to 5th Cir.) (decided April 14, 2023).

During oral argument on October 21, 2022, Defendants indicated that the underlying program review report, which the Department cites to as the basis for its unlawful determination, would be issued within a month. As indicated at the oral argument, EGCC would have welcomed the program review report and opportunity for meaningful review. However, what has transpired over the last six months has placed EGCC in an impossible circurmstance that requires Court action.

Despite several requests for this report over the last six months, the preliminary draft of the program review report was released just two days ago, at the same time as the long-overdue withdrawal of the Cease-and-Desist Letter and a withdrawal of the teach out request, in a blatant effort to foreclose judicial review and further delay EGCC's opportunity for meaningful due process.

The program review report repeats verbatim the Cease-and-Desist Letter's arbitrary and capricious determination regarding the free college benefit, continuing to cite only the general definition of "cost of attendance" (20 U.S.C. 1087*ll*) as its authority to disallow the college's state-approved tuition waivers for union-affiliated students. It fails to acknowledge or address any of the arguments against the merit of such determination already plead through these proceedings, and it presents as "background" unrelated and unsubstantiated allegations regarding EGCC's various business relationships with the clear goal of undermining trust in the management and stability of the institution.

Since the issuance of the Cease-and-Desist Letter and subsequent enforcement actions taken by Defendants, EGCC has faced serious fiscal difficulties due to the slow speed at which the

Defendants have processed requests for Title IV payments. EGCC has experienced a significant decline in enrollment due to the uncertainty created by Defendants' actions, and continues to field near-constant questions from students, faculty and staff regarding the continued uncertainty around the free college program. Further, the Department's actions and denial of due process have significantly interrupted the college's operations and pushed the school to the brink of insolvency.

EGCC disagrees with Defendants' position, below, that the eleventh-hour replacement of the Cease-and-Desist Letter with the program review report removes the Court's jurisdiction to hold unlawful and set aside agency action, findings and conclusions found to be arbitrary and capricious. Simply, the withdrawal of the unlawful Cease-and-Desist Letter two-days ago does not moot the Department's due process violation and harm done to EGCC. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (holding the fundamental requirement of due process is notice and the opportunity to be heard "at a meaningful time and in a meaningful manner."). Nor does the recent substituition suggest any change in the agency's "definitive positon" on the free college program or the "practical and immediate effect on the plaintiff." *Allsteel, Inc. v. U.S.E.P.A.*, 25 F.3d 312, 314 (6th Cir. 1994); *see also*, *Minard Run Oil Co v. U.S. Forest Service*, 670 F.3d 236 (2011) ("[F]inal agency action is to be given a pragmatic definition.").

EGCC intends to file its motion for summary judgment within thirty (30) days. EGCC opposes Defendants' request to file a second Motion to Dismiss for Lack of Subject Matter Jurisdiction, *see* ECF No. 19, and asserts the Court should require Defendants to finally answer Plaintiff's Complaint, filed Sept. 9, 2022. EGCC also opposes the Department's request to further delay this case by staying all upcoming deadlines in the case, including the preliminary pretrial conference.

**Defendants' Position**

Defendants intend to move to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jursidiction, and respectfully submit that there is no longer a live case or controversy between the parties, and therefore the case is moot.

Since the Court's January 20, 2023 Order, the Department has withdrawn the July 11, 2022 Cease-and-Desist Letter that largely formed the basis of EGCC's complaint and that the Court enjoined in an order entered on October 21, 2022, *see* ECF No. 37.  Likewise, the Department has withdrawn the August 10, 2022 letter requesting that EGCC enter a teach-out agreement with one or more institutions to assist students if they were unable to finish their programs of study. Prior to the withdrawal of the cease-and-desist letter (which was enjoined by the court and thus without effect since October 21, 2022) and teachout agreement request letter, the parties had been engaged in extensive settlement discussions, which ultimately were unsuccessful.  And on April 19, 2023, the Department issued its Preliminary Program Review Report to EGCC, which sets in motion an administrative review process.  EGCC will have ninety (90) days to respond to the preliminary findings and to submit additional documentation, and the Department will then issue a Final Program Review Determination (FPRD), as contemplated by the Court's Oct. 21, 2022 Order.  *See* ECF No. 37 at 7 ("Nothing in this Order shall prevent Defendants from issuing a Final Program Review Report of EGCC.").  The preliminary report covers myriad issues arising from the extensive program review process undertaken thus far at EGCC and,  aside from requesting a response from EGCC within 90 days to the various findings, the preliminary report imposes no immediate consequences on Plaintiff.

Additionally, to the extent that Plaintiff alleges harm from any findings in the Preliminary Program Review Report (which only issued two days ago and is not part of the complaint), that

preliminary report is clearly not final agency action and is therefore not reviewable under the APA until the administrative review process spelled out in the Subpart H regulations has run its course. *See LaMarca v. United States*, 34 F. Supp. 3d 796, 804 (N.D. Ohio 2014); *St. Catharine Coll., Inc. v. King*, No. 3:16-CV-00113-GNS, 2017 WL 1097205, at *3 (W.D. Ky. Mar. 22, 2017); 34 C.F.R. §§ 668.111-124. Nor is the sole remaining adverse action alleged in the complaint—EGCC's placement on the Heightened Cash Monitoring (HCM2) method of payment— reviewable under the APA because it is committed to agency discretion by law. *See* 5 U.S.C. § 701(a)(2). In any event, EGCC has been able to access Pell Grant Funds through the HCM2 process, so cannot claim to have suffered any injury from that action.

Plaintiff's position above that it should be permitted to seek summary judgment on a preliminary finding, without going through the very administrative review process that it sought in its Complaint, is without merit. Plaintiff is well within its right to seek judicial review of final agency action in the form of the Final Program Review Determination in a later lawsuit, as noted in *LaMarca* and *King*, but this Court lacks jurisdiction to review the preliminary findings that have issued thus far. Nor are unanticipated delays in the issuance of the preliminary program review report relevant to this Court's jurisdiction, as there is no requirement in the statute or regulations for a preliminary report to be completed by a particular timeline, and in all events Plaintiff has been able to access Pell Grant funds through the HCM2 process in the interim.

In short, Defendants submit that the Court should reject Plainitff's effort to short-circuit the very administrative process it sought when it filed suit, particularly when there is no judicially-reviewable final agency action at issue in the case. Finally, the HEA provides that the Secretary "shall maintain and preserve at all times the confidentiality of any program review report . . . until a final program review is issued." 20 U.S.C. § 1099c–1(b)(8). Thus, even if the preliminary report

were final agency action subject to review, it is not clear on what record the parties could even adjudicate summary judgment.

     Defendants propose that they file their mootness motion within twenty-one (21) days of the Court's order. Defendants further request that the Court stay all upcoming deadlines in the case, including any preliminary pretrial conferences, until the Court adjudicates Defendants' moton and determines whether it has subject matter jusridiction over this case.

| | |
|---|---|
| Dated: April 21, 2023 | Respectfully submitted, |

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/Alexander N. Ely
ALEXANDER N. ELY (DC Bar No. 230008)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Washington, DC 20005
Tel: (202) 993-5177; Fax: (202) 616-8470
alexander.n.ely@usdoj.gov

*Counsel for Defendants*

/s/ Adam D. Fuller
Justin M. Alaburda (#0082139)
Victoria L. Ferrise (#0085012)
Adam D. Fuller (#0076431)
BRENNAN, MANNA & DIAMOND, LLC
75 East Market Street
Akron, OH 44308
Ph: (330) 253-5060 / Fax: (330) 253-1977
jmalaburda@bmdllc.com
vlferrise@bmdllc.com
adfuller@bmdllc.com

Marlon A. Primes (#0043982)
Abigail E. Peabody (#0099804)
BRENNAN, MANNA & DIAMOND, LLC
200 Public Square

Huntington Building, Suite 3270
Cleveland, OH 44114
Ph: (216) 658-2155 / Fax: (216) 658-2156
maprimes@bmdllc.com
aepeabody@bmdllc.com

Bonnie Little Graham (admitted PHV)
Madelaine Cleghorn (admitted PHV)
Brustein & Manasevit, PLLC
1023 15th Street NW, Suite 500
Washington, DC 20005
Ph: (202) 965-3652 / Fax: (202) 965-8913
bgraham@bruman.com
mcleghorn@bruman.com

*Special Counsel for Plaintiff Eastern Gateway Community College*